UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAVONDA BECKROW,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 19-12834<br>Honorable Stephen J. Murphy, III<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO GRANT PETITIONER'S APPLICATION
FOR SECTION 406(B) ATTORNEY'S FEES [ECF NO. 21]**

### I.    Introduction and Background

Petitioner Bethany G. Versical, counsel for Plaintiff LaVonda Jean Beckrow for her federal appeals case, seeks reimbursement for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act. ECF No. 21.[1] The petitioner requests $7,323.75 of the $17,323.75 that the Social Security Administration (SSA) withheld from Beckrow's award of past-due benefits as potential attorney's fees; Howard Slusky, the attorney at the agency level, has requested the remaining $10,000.00 fee from the SSA.

---

[1] This motion was referred to the undersigned by the Honorable Stephen J. Murphy, III. ECF No. 22.

The combined requests of $7,323.75 and $10,000.00—totaling $17,323.75—are not greater than 25% of Beckrow's past-due award. ECF No. 21-1, PageID.1570. Petitioner also states that she would reimburse Beckrow the $3,981.00 that was awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 21, PageID.1558. The Commissioner of Social Security (Commissioner) does not object to an award in the amount that petitioner requests. ECF No. 23, PageID.1599-1560.

The Court **RECOMMENDS** that the petitioner's motion for § 406(b) attorney fees, **ECF No. 21**, be **GRANTED**, and that she be ordered to refund the amount previously awarded under the EAJA to Beckrow.

II.   Analysis

### A.

Section 406(b) allows an attorney fee of up to 25% of past due benefits under contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*,

2

771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).  To avoid such windfalls, district courts are authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees.  *Gisbrecht,* 535 U.S. at 808.

Courts in the Sixth Circuit have found no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r of Soc. Sec.*, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (quoting *Hayes*, 923 F.2d at 422).

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.... Such a result would thwart Congress's intention to assure social security claimants of good representation.… [This multiplier] provides a floor, below which a district court has no basis for questioning, under the…windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Hayes*, 923 F.2d at 422 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989)).  If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee.  *Id.*

Here, the contingency fee permits petitioner to receive 25% of the total awarded to Beckrow.  ECF No. 21-3, PageID.1588.  Petitioner says that she worked 22.75 hours on the federal appeals case.  ECF No. 21-5, PageID.1594.  The total that the petitioner requests for her services ($7,323.75) divided by 22.75 equates to a fee of about $322.00 per hour.  A review of cases from this district reveals that an hourly rate of $250 to $500 is standard and doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny.  *See Szostek v. Berryhill*, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *adopted,* 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases); *Hardy v. Berryhill*, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (approving fee resulting in effective hourly rate of $750). Petitioner's requested hourly fee is within the range of the standard hourly rate without a multiplier; it cannot be said that the fee she requests amounts to a windfall.

The Commissioner has not contested the reasonableness of the petitioner's request, and there is no evidence that petitioner was ineffective. Thus, petitioner's request for § 406(b) fees of $7,323.75 is reasonable.

**B.**

Section 406(b) attorney's fees are paid directly to the attorney-petitioner, with no regard to pre-existing debts. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010). Thus, the amount of $7,323.75 should be paid directly to the petitioner out of the past due benefits. § 406(b)(1)(A). The petitioner must then refund the lesser award of attorney's fees—the $3,981.00 in EAJA fees—to Beckrow. *Astrue*, 560 U.S. at 595-56.

### III.   Conclusion

The Court **RECOMMENDS** that the petitioner's motion for § 406(b) attorney fees, ECF No. 21, be **GRANTED**, that Versical be awarded $7,323.75 in attorney's fees, and that she be ordered to refund Beckrow the EAJA award of $3,981.00.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 18, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2022.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager